**Commonwealth v. Elder (No. 2)**

*Daniel Armagh, assistant district attorney,* for the Commonwealth.

*Nick A. Turco Jr.,* for defendant.

PRATT, *J.,* June 22, 1992—The underlying facts in this case are briefly summarized as follows. The defendant, Leonard Joel Elder, was convicted of driving under the influence of alcohol on June 27, 1987. As a result of this conviction, Mr. Elder's driving privileges were suspended until, as he himself acknowledges, September 2, 1988. He timely appealed the driving under the influence conviction to the Superior Court and later to the Supreme Court, but never notified the Department of Transportation in Harrisburg of his appeal so that his driving privilege suspension would be stayed.

Unfortunately he continued to drive, or at least was driving on July 26, 1988, when he was arrested for driving while operating privilege is suspended or revoked, relating to driving under the influence of alcohol 75 Pa.C.S. §1543(b). Upon hearing of the appeals of the underlying driving under the influence conviction, the district justice stayed all proceedings regarding the section 1543(b) arrest pending the outcome of Mr. Elder's appeal of that driving under the influence conviction to the appellate courts. Subsequently Mr. Elder's appeals were decided against him. With no appeals left pending, the district justice lifted the stay of the 75 Pa.C.S. §1543(b) charges and allowed the prosecution to continue.

On May 17, 1991, the district justice convicted Elder of the driving while license suspended charge. That summary conviction was appealed to this court and, on February 19, 1992, following a trial de novo, this court convicted Elder of the offense. Since our verdict and supporting opinion of February 19, 1992, Elder has filed a motion in arrest of judgment followed by a supporting brief. The Commonwealth also filed an opposing brief.

Defendant's arguments are based entirely upon 42 Pa.C.S. §5553(e) which provides that "[n]o proceedings shall be held under Title 75 subsequent to two years after the commission of the offense." *Brief in support of defendant's post-trial motion.* Sub judice, almost three years have passed from the time of the arrest until the hearing before the magistrate. In response to defendant's argument, the Commonwealth maintains that the prohibition of 42 Pa.C.S. §5553(e) had been waived because it had never been raised at trial.

While it is true that 42 Pa.C.S. §5553(e) had never been specially cited to the court, the situation meant to be redressed and the harms meant to be obviated by section 5553(e) were certainly put forth and discussed. The most germane portion of the record in the trial de novo is as follows:

*Mr. Turco* (attorney for defendant): "His driving under suspension offense which occurred, the violation date is July 26, 1988."

*The court*: "That's when the citation was issued."

*Mr. Turco*: "Right. And now that it's beyond three years later we're having—"

*The court*: "What is the statute of limitations?"

*Mr. Turco*: "I don't know. It seems that the summary hearing at the magistrate's office could—"

*The court*: "Is there a statute of limitations?"

*Mr. Turco*: "On a summary offense, I imagine there would be."

*The court*: "Mr. Papa, do you know of any?"

*Mr. Papa (assistant district attorney)*: "None that would be applicable, your honor. The Commonwealth filed the charges in a timely manner and the magistrate set a hearing within a month of being told of the appeal being denied."

*The court*: "Are we talking about the statute of limitations in terms of having a hearing or are we talking about the statute of limitations from the date that the charges were filed?"

*Mr. Papa*: "Kind of sounds like an 1100 issue time, your honor."

*Mr. Turco*: "Correct." N.T., November 25, 1992, pp. 7-9.

After the court determined that Pa.R.Crim.P. 1100 did not apply and, without having the benefit of 42 Pa.C.S. §5553(e), the court issued its verdict convicting defendant.

While we do not feel that the transcript provides a textbook example as to how an issue ought to be raised, the court feels, given the equities of the case, that enough was presented to preserve the issue. Had this court had the benefit of 42 Pa.C.S. §5553(e) at the time, it would have never convicted the defendant. While it is true that the defendant's attorney should have been sufficiently prepared to cite that statute at defendant's trial de novo

(if not earlier before the magistrate) and that this court relied on defendant's attorney to point the court to all the applicable law favorable to his client (based in part upon an oral promise made November 25, 1992, on the record by defendant's attorney to provide the court with legal authority in 14 days), plainly it would be unfair to cause the defendant to suffer as a result of the good faith reliance made by him as well as by this court.

Patently the evils undergone by Mr. Elder are precisely those of the type meant to be limited by 42 Pa.C.S. §5553(e), and those distresses endured by the defendant went far beyond the limits mandated by 42 Pa.C.S. §5553(e). He was forced to live under a cloud concerning these charges for not only two years, but for a period much closer to three years. This must have been both especially troubling and particularly troublesome for someone in the defendant's position who must travel throughout the United States in pursuit of his occupation. Wherefore, the court will do what justice demands and grant defendant's motion in arrest of judgment. This the court effects via the attached order of court.

## ORDER OF COURT

Pursuant to the attached opinion, the defendant's motion in arrest of judgment is granted. The offense of driving while operating privilege is suspended or revoked, relating to driving under the influence of alcohol, in violation of 75 Pa.C.S. §1543(b), charged against the defendant is dismissed, and the defendant is discharged.